YOUNG, C.J.
(concurring). I join the majority opinion in full and write only to explain why, given my longstanding views on the questionable constitutionality of responding to certified questions from federal courts, I choose to participate in responding to the instant certified question.[1]
*489 As I have stated previously, because of my constitutional reservations about responding to federal certified questions, I believe this Court should, as a prudential matter, “accept and answer certified questions from the federal courts sparingly and only when the Michigan legal issue is a debatable one and pivotal to the federal case that prompted the request for the certified question.”[2]
The United States Court of Appeals for the Ninth Circuit has asked whether plaintiff has stated a claim upon which relief may be granted under the preservation of personal privacy act (PPPA), MCL 445.1711 et seq. The Michigan legal issue here—whether plaintiff is a “customer” under the PPPA who “rents” or “borrows” sound recordings—is determinative to the federal case.[3] Further, the legal question here is a debatable one actively contested by the parties on appeal in this Court.[4] By contrast, in Certified Question, the plaintiff could have prevailed only if a court construed a statutory term in a way that was completely inconsistent with the plain meaning of our succession statute.[5] I believe the majority has given effect to the plain and ordinary meaning of MCL 445.1711 and MCL 445.1712 of the PPPA, but the resolution of this dispute was not as immediately apparent as it was in Certified Question, in which the answer to the question of whether children created by in vitro fertilization after *490 the father’s death were “in gestation” during the father’s lifetime was patently clear and not contested.[6]
This case called for the federal courts to interpret and apply a statute rarely seen in our state courts to new technologies not in existence at the time the statute was enacted. I believe that the question is sufficiently nuanced that this Court, as a prudential matter, properly responded by answering the question for the federal court.

 See In re Certified Question from the United States Dist Court for the Western Dist of Mich, 493 Mich 70, 83; 825 NW2d 566 (2012) (Young, C.J., dissenting) (“I continue to believe that this Court lacks the constitutional authority to issue advisory opinions other than as described in article 3, § 8 of Michigan’s 1963 Constitution. My position regarding the Court’s constitutional authority did not prevail, and I accept that the Court has determined otherwise.”) (citations omitted).

 Id. at 83-84.

 See MCL 445.1711 and MCL 445.1712; Certified Question, 493 Mich at 84 (Young, C.J., dissenting).

 Compare Certified Question, 493 Mich at 84-85 (Young, C.J., dissenting) (“[T]he question whether the children may be considered to have been alive at the time of their father’s death is not debatable under our intestacy laws—a point plaintiffs counsel conceded at oral argument.”).

 See id. at 85.

 See id. at 85-86.